# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

ROBERT SIMPSON, )
)
Plaintiff, )
)
v. ) No. 4:18-cv-375-DDN
)
ST. LOUIS COUNTY DEPARTMENT )
OF JUSTICE, et al., )
)
Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Robert Simpson, a prisoner, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $10.56. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement. According to the information in the statement that pertains to the relevant time period, plaintiff has an average balance of $29.33, and an average deposit of $52.80. The Court will therefore assess an initial partial filing fee of $10.56, which is twenty percent of plaintiff's average monthly deposit. Any claim that plaintiff is unable to pay this amount must be supported by an updated copy of plaintiff's inmate account statement that shows his account activity for the six months immediately preceding the filing of the complaint.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court

must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

### The Complaint

This action was filed on March 5, 2018 by plaintiff Robert Simpson, an inmate at the St. Louis County Justice Center, against the St. Louis County Justice Center, Director Mrs. Childrey, and Nurse Amy Janssen.

According to the complaint, plaintiff is in pain due to his "poor dental condition." (Docket No. 1 at 5). "They" are committing violations against "their own rulebook" in matters related to the inmate grievance and appeal process, and providing dental care. *Id.* As relief,

3

plaintiff asks for "proper just due treatment" and "rights according to St. Louis County Jail Rule and Regulation Handbook." *Id.* at 5-6.

## Discussion

The complaint is subject to dismissal. Relevant precedent establishes that a department or subdivision of local government is not a "juridical," or suable, entity under 42 U.S.C. § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992). Therefore, plaintiff's claim against the St. Louis City Justice Center fails as a matter of law. Plaintiff fails to state any claim whatsoever against Mrs. Childrey or Amy Janssen because he merely lists their names as defendants in the complaint without alleging that they were personally involved in any wrongdoing. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given *pro se* complaints"). Finally, while it appears plaintiff wishes to claim that he was wrongfully denied dental treatment, he alleges no facts stating such a claim.

In consideration of plaintiff's *pro se* status, the Court will give him the opportunity to file an amended complaint. Plaintiff is required to prepare the amended complaint using a court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint contain a "short and plain" statement of the claim showing that the pleader is entitled to relief. Rule 10(b) requires a party to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

Plaintiff must clearly identify each defendant against whom he is alleging a claim, and he must write, for each defendant he names, the facts about what that defendant did to violate his rights. Plaintiff's failure to make specific factual allegations against any defendant will result in

4

that defendant's dismissal from this case. Plaintiff should also specify whether he is suing each defendant in his or her individual capacity, official capacity, or both. Finally, plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim.

Plaintiff shall have thirty (30) days from the date of this Memorandum and Order to file an amended complaint. Plaintiff is warned that the filing of the amended complaint completely replaces the original. Once plaintiff files an amended complaint, this Court will review it pursuant to 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $10.56 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint within thirty (30) days from the date of this Order.

**Plaintiff's failure to timely comply with this Order will result in the dismissal of this case, without prejudice and without further notice.**

Dated this _6 th_ day of June, 2018.

David D. Noce
DAVID D. NOCE
UNITED STATES MAGISTRATE JUDGE